(*Supreme Court of Illinois.   Northern Grand Division.*)

## Felix K. Misch, et al.

### vs.

## Minor N. Knowlton.

(January 21, 1878.)

AFFIDAVIT OF MERITS—STIPULATION TO VACATE JUDGMENT—RIGHT OF COURT TO IMPOSE CONDITIONS. Where it was stipulated and agreed "by counsel and by the court" that judgment might be entered against the defendants for $408.15 and that if the defendants should by affidavit show a good defense to the suit, upon the merits, the judgment should be set aside; and subsequently the affidavit of one of the defendants was filed, showing a meritorious defense to all of the note upon which the judgment had been rendered, except $81.27, and a motion was made to vacate the judgment, but the court refused to grant the motion unless the defendants would actually pay plaintiff the amount conceded to be due by the affidavit; it was *held* to be error.

Appeal from superior court of Cook county.

PER CURIAM :—

This was an action of *assumpsit,* brought by appellee to recover a balance claimed to be due upon a promissory note; to the declaration appellant interposed a demurrer, and at the same time entered a motion to strike from the files the affidavit of claim, on account of certain supposed defects it contained; the court overruled the demurrer, and denied the motion to strike from the files the affidavit, but, as appears from the bill of exceptions contained in the record, it was then stipulated and agreed in open court "by counsel and by the court" that judgment might be entered against the defendant for $408.15, and that if the defendants should by affidavit show a good defense to the suit, upon the merits, the judgment should be set aside. Subsequently the affidavit of one of the defendants was filed, showing a meritorious defense to all of the note upon which the judgment had been rendered, except $81.27, and a motion was made to vacate

the judgment, but the court refused to grant the motion unless the defendants would actually pay plaintiff the amount conceded to be due by the affidavit. In this we are of opinion the court erred. When appellants filed an affidavit which complied with the stipulation under which the judgment was rendered, they were entitled to have the judgment vacated, and had a right to plead. The court had no power to impose a condition not embraced in the stipulation. It was no part of the stipulation that defendants should pay any part or parcel of the plaintiff's demand, and all that they could be required to do was to file an affidavit which declared a meritorious defense. This they did, and the judgment should have been set aside, and defendants allowed to plead.

For the error indicated, the judgment will be reversed and the cause remanded. Judgment reversed and remanded.